BURROUGHS (UNITED STATES v.). See Case No. 14,695.

## Case No. 2,203.

### BURROW v. DICKSON.

[Brunner, Col. Cas. 101;[1] 1 Overt. 366.]

Circuit Court, D. Tennessee. 1808.

PLEADING—FRIVOLOUS PLEAS—VARIANCE.

A plea in abatement for variance, in that the writ did not state citizenship of the parties, whereas the declaration did, *held* frivolous and stricken out on motion.

At law. Plea in abatement for a variance between the writ and declaration. The writ did not state the citizenship of the plaintiff nor defendant, but the declaration did, and this was the variance set out in the plea. [Plaintiff's motion to strike out the plea granted.]

Mr. Overton, for plaintiff, moved that this plea might be stricken out, as being frivolous. It is not necessary that the writ should state citizenship; it is sufficient if it be inserted in the declaration. The writ makes no part of the record after the determination of the suit: and if the K. B. practice is to prevail here, as stated in 1 Cranch [5 U. S.] xvi., rule 7,[2] it is unimportant

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

[2] [Rule 7 of the supreme court of the United states, referred to in the text, was announced August 8, 1791, and is as follows: "The chief justice, in answer to the motion of the attorney general, made yesterday, informs him and the bar that this court consider the practice of the courts of king's bench, and of chancery, in England, as affording outlines for the practice of this court; and that they will, from time to time, make such alterations therein as circumstances may render necessary."]

whether there was any original writ in this case or not. In the K. B. if the defendant be in custody of the marshal on any other account he may be declared against, as being in custody. 1 Tidd. Pr. 403, 585, 623; 5 Term R. 402; 1 Strange, 1232; 1 Com. Dig. by Kyd. 56; D. 7. The act of congress which erects this court gives it power to make all necessary rules and orders preparatory to the trial, or determination of the cause. If a sham plea, or one decidedly frivolous, should arrest the progress of this court, the powers conferred would be rendered inefficient, and as delay is too frequently the object with defendants, six, if not twelve, months' delay would arise in almost every case by a reference to the circuit judge. See 3 Johns. 541; 2 Caines, 56; 3 Caines, 97, 129, 368; Colem. & C. Cas. 1, 80, 416; 10 East, 237. This could never have been the intention of the act; dispatch was its object, and the court will put such a construction upon it as will avoid a delay of justice, as well as effectuate the design of the legislature. In England a plea in abatement cannot be put in after a general imparlance, which is equivalent to a continuance. 5 Bac. Abr. 352; C. Guil. Ed. Barnes, 345. This plea ought to have been put in at the first rule day after filing the declaration; otherwise it cannot be done. In the state courts the pleadings are made up in court. Three days are allowed to plead after the declaration filed; and if a defendant omit to plead in abatement within the three days he cannot do it afterwards. This of itself is sufficient to authorize a rejection of the plea, if it were good; the plea, however, is manifestly frivolous. There is no variance; the declaration being an amplification of the writ it is not inconsistent, nor does it vary, but enlarges it. It is the usual form. 1 Gwill. Bac. Abr. tit. "Courts," D 4, pp. 105, 106. This authority expressly states that in courts of limited jurisdiction as this is, it is not only necessary to state in the declaration the facts which are necessary to give the court jurisdiction, but to prove them on trial. In this view of the subject, which is believed to be a correct one, a plea in abatement respecting the jurisdiction of the court never can with propriety obtain, or at least there can be no absolute necessity for it. If the necessary citizenship of the parties should not appear by averment in the declaration, the defendant may demur. But if he should not, the court cannot try the cause for want of jurisdiction, which must appear from the pleadings; and if citizenship were alleged, if not proved on the part of the plaintiff on the trial, or admitted either tacitly or expressly, the court would always direct the jury to find for the defendant. 1 Bac. Abr. 106; 1 Bin. 142. It is sufficient after trial and judgment, if citizenship appear in any part of the record. [Wood v. Wagnon] 2 Cranch [6 U. S.] 9; [Knox v. Summers] 3 Cranch [7 U. S.] 496; [Bingham v. Cabot] 3 Dall. [3 U. S.] 382; 4 Term R. 520. This plea might have been considered as a mere nullity, and judgment by default taken. But the plaintiff had his election to move the court as he has done.

Whiteside, for defendant.

McNAIRY, District Judge. ordered the plea to be struck out.